# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL P.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 5324 |
| v. | ) | |
| | ) | Magistrate Judge |
| FRANK BISIGNANO, | ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Crystal P.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [13] is denied, and the Commissioner's cross-motion for summary judgment [18] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.     PROCEDURAL HISTORY

On October 20, 2021, Plaintiff filed a claim for DIB, and later, on November 3, 2021, Plaintiff filed a claim for SSI. Each application alleged disability beginning July 17, 2020. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 14, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On October 17, 2023, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.     ALJ DECISION

In the ALJ's October 17, 2023 decision, Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ ultimately found that Plaintiff is not disabled. In reaching that conclusion, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 17, 2020. At step two, the ALJ concluded that Plaintiff had the following

2

severe impairments: history of pulmonary embolism; asthma/COPD; reversible ischemia; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work with the following additional limitations: she cannot climb ladders, ropes, or scaffolds; can occasionally work around hazards, dusts, odors, fumes, pulmonary irritants, extreme temperatures, or humidity; and needs to shift positions from standing to sitting or back, for 1-2 minutes an hour, while remaining on task. At step four, the ALJ concluded that Plaintiff would be able to perform her past relevant work as a daycare worker. The ALJ also made alternative findings for step five of the sequential evaluation process and concluded that Plaintiff is capable of adjusting to work that exists in significant numbers in the national economy, including light work such as cafeteria attendant, mail clerk, and marker.

## DISCUSSION

### I.     ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* If the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.      JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error because: (1) the ALJ erred in evaluating the persuasiveness of medical opinions ([13] at 8-11); and (2) the RFC was not supported by substantial evidence. *Id.* at 12-14. Each argument will be addressed below in turn.

### A. __The ALJ Properly Evaluated the Medical Opinions__

Plaintiff's primary care physician (PCP) opined that Plaintiff's cardiac symptoms were severe enough to interfere with attention and concentration, that Plaintiff could sit for 10 minutes at a time and stand for 15 minutes at a time, that Plaintiff would need to shift her body position at will, and that Plaintiff would require four unscheduled 15 minute breaks per day.  Plaintiff's PCP further opined that Plaintiff could not lift/carry any weight, could not twist, stoop, crouch, or climb ladders or stairs, would need to avoid all exposure to extreme cold, extreme heat, wetness, humidity, noise, fumes, odors, dusts, gases, poor ventilation, or hazards, and would miss more than four days of work each month due to Plaintiff's impairments or treatment. [9]-1 at 28; [9]-3 at 336-341.

An ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). However, an ALJ is required to "articulate in [their] determination or

6

decision how persuasive [they] find all of the medical opinions…in [the] case record." 20 C.F.R. § 404.1520c(b). In determining how persuasive they find the medical opinions and findings, an ALJ looks at five factors: supportability, consistency, relationship with the claimant, specialization, and other factors. Supportability and consistency are considered the most important factors and an ALJ must explain how they considered these two factors in evaluating a medical opinion. 20 C.F.R. § 404.1520c(b)(2). With respect to evaluating opinions under the supportability factor, the regulations explain that "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). With respect to evaluating opinions under the consistency factor, the regulations explain that "the more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ found the PCP's opinion "unpersuasive," and reasoned that:

> [I]t provides for very extreme limitations that are not consistent with nor supported by the evidence of record, including [the PCP's] own treatment notes, discussed above, which generally show normal findings (2F, 5F). As noted above, the evidence shows that the claimant has asthma/COPD and sleep apnea with a history of pulmonary embolism and reversible ischemia. However, the respiratory and cardiac examinations generally show

> normal findings. The claimant is also obese, but she testified at the hearing that her weight does not affect her ability to function. She indicated that she needed a cane following her embolism, but it does not appear she needed one thereafter, despite her testimony, because the longitudinal record generally notes a normal gait without the need for an assistive device.

[9]-1 at 28.

In urging this Court to vacate the ALJ's decision, Plaintiff argues that the ALJ's explanation failed to build a logical bridge between the evidence and conclusions. The thrust of Plaintiff's argument is that the ALJ was too general in her citations to the medical record and Plaintiff's testimony. [13] at 9-10. According to Plaintiff, the ALJ "simple (sic) noted normal general findings" with "no other discussion about the specific treatment notes referenced." *Id.* at 10. But this is not accurate.

The ALJ's reasoning included references to the ALJ's previous discussion, "above," or earlier, in her decision. *See, e.g.*, [9]-1 at 28 (PCP's opinion "not consistent with nor supported by the evidence of record, including [the PCP's] own treatment notes, discussed *above*….") (emphasis added). That discussion featured a comprehensive review of Plaintiff's physical impairments, a chronological review of Plaintiff's medical treatment over a period of years, and consideration of Plaintiff's testimony at her telephonic hearing before the ALJ. [9]-1 at 24-27. *See Deloney v. Saul*, 840 Fed. Appx. 1, 5 (7th Cir. 2020) (affirming that ALJ's analysis of medical opinion can find support "elsewhere in opinion").

The ALJ referenced:

8

- an August 2019 diagnostic imagine of Plaintiff's knees that "showed normal findings." [9]-1 at 24;

- physical examinations that showed a full range of motion for Plaintiff's back and extremities, no muscle pain or weakness, no swelling or tenderness, normal gait, and normal range of motion for Plaintiff's spine and knees (the cited examinations took place in July 2018, October 2019, April 2021, May 2022, and August 2023). *Id.*;

- a discrepancy between Plaintiff's use of a cane and the "longitudinal treatment records," which described normal gait and did not document "consistent need for an assistive device." *Id.* at 24; (the cited examinations took place in May 2021, February 2022, May 2022, November 2022, February 2023, and June 2023). *Id.*;

- respiratory examinations showing general normal findings (the cited examinations took place in November 2020, January 2021, April 2022, September 2022, November 2022, February 2023, April 2023, May 2023, June 2023, and August 2023). *Id.* at 26;

- a normal coronary angiogram (October 2022), a chest x-ray with no acute cardiopulmonary findings (December 2022), and a physical exam with generally normal findings (including "regular" findings related to cardiovascular health and a conclusion of "no acute cardiopulmonary disease") (May 2023). *Id.* at 26-27;

- Plaintiff's testimony that her weight does not affect her ability to work. *Id.* at 28; and

- Plaintiff's testimony that, at the time of her administrative hearing, she was working 25 hours per week and could stand for up to three hours. *Id.* at 26-27.

The ALJ determined that the PCP's "very extreme limitations" were "not supported by the evidence of record." *Id.* at 28. The ALJ was permitted to reject the PCP's opinions as extreme. *See Thelmarae W. v. Saul*, 476 F. Supp. 3d 717, 729 (N.D. Ill. 2020) (with respect to doctors' extreme opinions "the court cannot take either doctor's opinion seriously, let alone begin to question the ALJ's rejection of them"). Furthermore, contrary to Plaintiff's assertion, the ALJ's reasoning was not

too general, but instead cited repeatedly to medical records covering the months and years preceding Plaintiff's administrative hearing and noting the consistencies and more frequent inconsistencies between the longitudinal record and the PCP's opinion. In so doing, the ALJ did more than enough to find the PCP's opinion unpersuasive; that conclusion was reached by evaluating evidence that bore directly on supportability and consistency. The ALJ was only required to minimally articulate her reasons for rejecting that opinion.[3] *Warnell*, 97 F.4th 1053. The ALJ did far more than that. The ALJ cited specific evidence that contradicted the PCP's opinion. Ultimately, given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting the PCP's opinions. *See* 20 C.F.R. § 404.1520c(b)(2).

**B. The ALJ's RFC Determination Was Properly Supported**

Plaintiff's second argument is that the ALJ failed to build "a logical bridge between the evidence and the conclusion in the RFC and hypothetical that Plaintiff could perform light work with the inclusion of a sit/stand option while remaining on task," and, as a result, remand is warranted since the ALJ's decision is unsupported by substantial evidence. [13] at 12. Plaintiff's argument limits itself to the RFC's "sit/stand" limitation and the position shift allowance. *Id.* Plaintiff's largely undeveloped argument asserts that "the ALJ's decision includes [the sit/stand

---

[3] The Court declines to consider the Plaintiff's undeveloped one-paragraph challenge to the ALJ's treatment of the Consultative Examiner's (CE's) opinion. [13] at 11. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that 'skeletal' arguments may be properly treated as waived.") (citation omitted).

10

limitation] but does not explain why it was in the RFC and hypothetical….[and] none [of what the ALJ reviewed] discussed how often Plaintiff would need to change positions while working." [13] at 13.

In her decision, the ALJ explained that the overall evidence supported "the need to shift positions from standing to sitting or back for 1-2 minutes an hour while remaining on task." [9]-1 at 23. In reaching her RFC determinations, the ALJ performed a thorough review of Plaintiff's medical records and her testimony. "[C]ourts view the ALJ's opinion as a whole, applying a 'common-sense reading to the entirety of an ALJ's decision.'" *Alethea T. v. Kijakazi*, No. 21 C 2167, 2023 WL 8091645, at *6 (N.D. Ill. Nov. 21, 2023) (citation omitted). Though Plaintiff faults the ALJ for not elaborating upon the sit/stand option at length, the Seventh Circuit has made clear that an ALJ need not "cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053-54. In this case, the Court finds that the sit/stand accommodation provided by the ALJ was sufficiently supported by substantial evidence. *See McCulley v. Berryhill*, No. 13 C 6031, 2019 WL 1292982, at *13 (N.D. Ill. Mar. 20. 2019) ("[T]he ALJ adequately explained and supported his RFC determination and the included sit/stand option.")

11

## IV. CONCLUSION

For the reasons detailed above, the Court declines to remand this matter. Therefore, Plaintiff's motion to reverse and remand the Commissioner's decision [13] is denied, and the Commissioner's cross-motion for summary judgment [18] is granted.

**SO ORDERED.**                                    **ENTERED:**

**DATE:**     March 27, 2026
                                                 _____
                                                 **HON. DANIEL P. McLAUGHLIN**
                                                 **United States Magistrate Judge**